**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant Walmart Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUANA SEGURA-ZACARIAS,<br><br>    Plaintiff,<br>vs.<br><br>WALMART INC.; DOES I-X; AND ROE CORPORATIONS XI-XX, INCLUSIVE,<br><br>    Defendants. | Case No.: 2:21-cv-00625-GMN-NJK<br><br>**DEFENDANT WALMART INC.'S MOTION TO EXCLUDE TESTIMONY OF ALEX BALIAN** |

COMES NOW, Defendant WALMART INC. (hereinafter "Walmart" or "Defendant"), by and through its attorneys of record, ALVERSON TAYLOR & SANDERS, and hereby moves this Court, for an Order to Exclude Testimony by Alex J. Balian.

This Motion is based on the following memorandum of points and authorities, the papers and pleadings on file with this Court, and any oral argument that may be heard on this matter.

DATED this 12th day of May, 2022.

                                              ALVERSON TAYLOR & SANDERS

                                              */s/ Kurt R. Bonds*
                                              KURT R. BONDS, ESQ.
                                              Nevada Bar #6228
                                              6605 Grand Montecito Parkway
                                              Suite 200
                                              Las Vegas, Nevada 89149
                                              (702) 384-7000
                                              *Attorneys for Defendant Walmart Inc.*

1

KRB/27662

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

This case involves a motor vehicle accident that occurred on November 20, 2019 in the parking lot of Defendant, Walmart Inc.'s (hereinafter "Walmart"), Store #2592 in North Las Vegas, Nevada. On this date, Plaintiff was walking through the parking lot toward the entrance of the store while talking on her cellular phone when she was hit by a motor vehicle operated by Barbara Denton.

Alex J. Balian was retained as Plaintiff's safety expert and identified in Plaintiff's Initial FRCP 26(a)(2) Disclosure of Expert Witnesses, attached hereto as **Exhibit A**. Mr. Balian's *curriculum vitae*, fee schedule, and testimony list was also included. *Id* at p. 11-22. Additionally, Mr. Balian was deposed on February 17, 2022. *See* Deposition Transcript of Mr. Balian, attached hereto as **Exhibit B**.

It is anticipated that Plaintiff will seek to introduce the testimony of Alex Balian at trial. Plaintiff identifies Alex Balian as an "independent consultant in retail store operations," who is expected to offer opinions regarding Walmart's duties as a retail store, Walmart's policies and procedures, and Walmart's subsequent investigation into the subject incident. *See* Exhibit A. Specifically, Mr. Balian testified that the subject store should have had speed bumps and signage near the crosswalk to alert traffic to the presence of pedestrians. *See* Exhibit B at 25:19-27:13 and 27:18-28:7. As more fully set forth below, Mr. Balian's opinions are not based on the proper foundation to be admissible at trial. Accordingly, Mr. Balian's opinions must be excluded.

///

///

///

2

KRB/27662

## II.

## ARGUMENT

### A. LEGAL STANDARD

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

The decision to admit an expert witness is governed by Federal Rule of Evidence 702.

Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.

3

The Supreme Court of the United States determined that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993). The Court also discussed certain more specific factors, such as testing, peer review, error rates, and "acceptability" in the relevant scientific community, some or all of which might prove helpful in determining the reliability of a particular scientific "theory or technique." *Id* at 593-594. The Court has extended *Daubert*'s holding to apply not only to testimony based on "scientific" knowledge, but also to testimony based on "technical" and "other specialized" knowledge and that a trial court may consider one or more of the specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171 (1999).

**B.   THE TESTIMONY OF ALEX J. BALIAN SHOULD BE EXCLUDED BECAUSE MR. BALIAN IS NOT QUALIFIED TO TESTIFY REGARDING PARKING LOT SAFETY MEASURES**

Federal Rule of Evidence 702 requires that a prospective witness be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The Ninth Circuit has defined this as the threshold issue in determining whether a witness may come "before the jury cloaked with the mantle of an expert" under Rule 702 and has cautioned that "care must be taken to assure that a proffered witness truly qualifies as an expert, and that such testimony meets the requirements of Rule 702." *Bancroft v. Minn. Life Ins. Co.*, 329 F. Supp. 3d 1236, 1249 (W.D. Wash. 2018) (citing *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir.), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001)). If an expert bases his testimony on experiential knowledge, he must explain how that experience lead to his conclusions and how he applied his experience to the facts in a reliable way. *See* Fed. R. Evid. 702 advisory committee's note; *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005).

Mr. Balian states in his report that he has qualified as a "retail safety expert" and has testified in areas including "customer safety, floor maintenance procedures, food preparation, and employee training." *See* November 23, 2021 Report of Alex J. Balian, attached hereto as **Exhibit**

4

KRB/27662

**C**. Mr. Balian's formal education consists of a Bachelor of Science in Business Administration, Marketing from the University of California, Los Angeles in 1965 and a Masters of Business Administration from Pepperdine University in 1978. *See* Exhibit A at p. 11. Mr. Balian stated in his deposition that he has no formal training in the construction or design of parking lots. *See* Exhibit B at p. 15. He also has no education, training, or experience in engineering. *See* Exhibit A at p. 11.

Mr. Balian's experience as an owner/operator/consultant in retail store operations does not qualify him as an expert to testify regarding the safety of a parking lot or crosswalks. Mr. Balian does not have any experience in designing or constructing parking lots, directing traffic flow, alerting drivers of hazards, or automobile safety. In fact, he has no experience in human factors[1], which is the proper area of expertise to determine whether speed bumps or signage would have prevented this accident. Despite this, Mr. Balian concludes in his report that if speed bumps were installed approaching Wal-Mart, then the driver of the automobile that struck Ms. Segura (Ms. Denton) would have been alerted to the pedestrian crosswalk and would have been aware of Ms. Segura crossing the walk. *See* Exhibit C at p. 3. He also testified, without any basis, that signage would have prevented this accident. (27:18-29-16)

The effectiveness of speed bumps or signage in alerting drivers is well outside the scope of a "retail safety expert" that does not claim to have any experience in motor vehicle accidents and traffic flow. In fact, Mr. Balian testified that he was not aware of any rules, laws, or regulations requiring speed bumps in parking lots. *See* Exhibit B at p. 36:16-20. Parking lots being a common component of retail stores is not sufficient justification to show that Mr. Balian has the requisite experience to testify regarding motor vehicle safety and warnings for drivers. Therefore, Mr.

---

[1] Human factors is the scientific discipline concerned with the understanding of interactions among humans and other elements of a system, and the profession that applies theory, principles, data and methods to design in order to optimize human well-being and overall system performance. Human factors engineers contribute to the design and evaluation of tasks, jobs, products, environments and systems in order to make them compatible with the needs, abilities and limitations of people. The goal of human factors is to reduce human error, increase productivity, and enhance safety and comfort with a specific focus on the interaction between a human and the thing of interest. https://www.hfes.org/About-HFES/What-is-Human-Factors-and-Ergonomics

5

1  Balian should not be permitted to testify as an expert with regards to the safety of the subject

2  parking lot because Mr. Balian does not meet the threshold requirement of qualifying as a parking

3  lot safety expert under Rule 702. *See Fed. R. Evid. 702; Bancroft,* 329 F. Supp. 3d at 1249.

### C. THE TESTIMONY OF ALEX J. BALIAN SHOULD BE EXCLUDED BECAUSE MR. BALIAN'S OPINIONS ARE NOT SUPPORTED BY SUFFICIENT DATA, FACTS, PRINCIPLES, OR METHODOLOGIES

Rule 702 requires that:

> b. The testimony must be based upon sufficient facts or data, and the product of reliable principles and methods; and
>
> c. The expert reliably applied the principles and methods to the facts of the case.

Once a court finds that the proposed witness qualifies as an expert, it must determine whether expert testimony is both relevant and reliable, with a "basis in the knowledge and experience of [the relevant] discipline." *United States v. $49,790 in United States Currency*, 763 F. Supp. 2d 1160, 1163 (N.D. Cal. 2010) (citing *Kumho Tire*, 526 US at 147, 149). The court's task "is to analyze not what the experts say, but what basis they have for saying it." *Daubert v Merrell Dow Pharm*, 43 F3d 1311, 1316 (9th Cir 1995) (on remand) ("Daubert II"). Accordingly, the court focuses on the "reliability of the methodology." *Id* at 1319 n. 11.

Mr. Balian opines in his expert report and his deposition that Walmart failed to install speed bumps and signage on the approach to Wal-Mart and that, had speed bumps and signage been installed approaching Wal-Mart, the driver that struck Ms. Segura would have been alerted to the pedestrian crosswalk and would have been aware of Ms. Segura crossing the walk. However, the evidence shows that there was a yield sign next to the crosswalk and a yield on the ground in front of the crosswalk. *See* Photograph attached to Alex Balian's Deposition, attached hereto as **Exhibit D**. This undermines Mr. Balian's opinion that "signage of any kind right by the crosswalk, near the crosswalk, to alert the traffic is important" and "they didn't have any kind of way of alerting customers…". *See* Exhibit B at p. 27:25-28:2 and 29:15-16. The Court should preclude Mr. Balian's testimony because his opinions lack supporting data, facts, principles, and methodologies.

6

KRB/27662

1   While Mr. Balian claims that his methodology consisted of reviewing discovery materials, pleadings, and deposition transcripts, he fails to explain how his review of these documents informs and supports his opinions. Mr. Balian's claim that he reviewed documents with a vague and tenuous relation to his opinions fails to establish that there are, in fact, principles and methodologies that support his opinions.

Mr. Balian fails to identify the principles or methodologies that would be expected to be utilized in an expert report, namely, references and citations to peer reviewed authoritative texts or scientific articles, industry standards, guidelines, or best practices (publications). In addition, he fails to reference statistics regarding the number of similar accidents that have been reported over a relevant time span and how such statistics substantiate the principle that speed bumps cause vehicles to slow down and alert drivers to their surroundings. He also did not conduct any surrogate modeling, experiments, or testing to support his opinions. *See Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1193, 1204-05 (D. Nev. 2008) (proffered testimony of expert excluded when expert could not identify any peer reviewed study, experiment, authoritative test, or other objective source for opinion). The bottom line is that his opinions are devoid of any scientific methodologies.

The fact that Mr. Balian has more than 60 years of experience as an owner, operator, and consultant alone is not a sufficient basis (or methodology) for Mr. Balian to arrive at said principle. Mr. Balian's expert report is devoid of any explanation of how his experience informs his specific opinion that speed bumps alert distracted drivers of crosswalks and pedestrians. Mr. Balian fails to state in his report that this was a specific issue that he encountered and which he planned for in his time as an owner and operator.

Also, Mr. Balian failed to conduct a site inspection in preparation of his report. He did not inspect the parking lot where the incident occurred, aside from reviewing photographs and video surveillance of the area. *See* Exhibit B at pp. 24. Mr. Balian did not inspect the subject parking lot to determine, among other things, Plaintiff's field of vision or sightlines while she was walking to the store entrance, Ms. Denton's field of vision or sightlines at the time of the subject accident, or

7

the visibility of the crosswalk to drivers at the subject parking lot. In fact, he makes no mention of the fact that Ms. Denton has stated that she was aware of the crosswalk and knew that pedestrians would be crossing there, she just wasn't paying attention to pedestrians coming from the parking lot side of the crosswalk. These are crucial observations and data that are missing from Mr. Balian's report, which evidence the fact that the purported principles and methodologies are suspect and inadequate. Therefore, Mr. Balian's testimony should be excluded because it is not based upon sufficient facts or data and is not the product of reliable principles and methods as required under Rule 702. *See* Fed. R. Evid. 702.

### III.
### **CONCLUSION**

Mr. Balian is not qualified to offer the "expert" testimony that he puts forth in his report. Additionally, his report is completely devoid of any methodology, let alone reliable methodology as required by *Daubert*. Based on Mr. Balian's failure to meet the requirements of Federal Rule of Evidence 702, Defendant respectfully requests that this Court grant Defendant Walmart Inc.'s Motion to Exclude Testimony of Alex Balian.

DATED this 12th day of May, 2022.

ALVERSON TAYLOR & SANDERS

 /s/ Kurt R. Bonds 
KURT R. BONDS, ESQ.
Nevada Bar #6228
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendant Walmart Inc.*

///

///

///

///

8

KRB/27662

# CERTIFICATE OF SERVICE VIA CM/ECF

I hereby certify that on this 13th day of May, 2022, I did serve, via Case Management/Electronic Case Filing, a copy of the above **DEFENDANT WALMART INC.'S MOTION TO EXCLUDE TESTIMONY OF ALEX BALIAN** and foregoing addressed to:

Joseph R. Smith, Esq.
Law Offices of Cory J Hilton
5545 Mountain Vista Street, Ste E
Las Vegas, NV 89120
Email: jrs@hiltonesqlaw.com

and

Peter Maitland Angulo, Esq.
Angulo Law Group, LLC
5545 Mountain Vista Street, Suite F
Las Vegas, NV 89120
Email: manthis@anguloloawgroup.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　_/s/Antonia Di Dio_____
　　　　　　　　　　　　　　　　　　　　　　　An Employee of ALVERSON TAYLOR & SANDERS

N:\CLIENTS\27600\27662\Pleadings\Segura MTE Expert Alex Balian Final.docx

KRB/27662