UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Juana Segura-Zacarias,

          Plaintiff

v.

Walmart Inc.,

          Defendant

Case No. 2:21-cv-00625-CDS-NJK

**Order Denying Defendant's Motion to Exclude Testimony**

[ECF No. 37]

      In this premises liability case, plaintiff Juana Segura-Zacarias sues defendant Walmart Inc. for alleged negligence in maintaining the crosswalk outside of its store after a non-party motorist inadvertently drove over Segura-Zacarias's foot. Pending now are Walmart's motions for summary judgment (ECF No. 36) and to exclude the testimony of plaintiff's proposed expert, Alex Balian (ECF No. 37). Because my disposition of the motion to exclude will impact the arguments advanced by the parties related to defendant's summary judgment motion, I address the motion to exclude first. For the reasons described below, I deny Walmart's motion.

      Walmart's motion to exclude failed to satisfy this district's meet-and-confer requirement because it did not attach "a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action." LR 16-3(a). Segura-Zacarias pointed this defect out in her opposition, ECF No. 41 at 3–5, and Walmart replied that it should be excused from failing to follow the local rules because "temporal exigencies required speedy action due to the deadline to file dispositive motions for this case." ECF No. 43 at 5. It adds that any attempt at informal compromise would likely have been futile. *Id.* However, Walmart brought the "temporal exigenc[y]" upon itself; while dispositive motions deadlines would have governed the deadline for Walmart's motion for summary judgment, no such deadline existed for its motion to exclude. Walmart could have also attempted to meet and confer with plaintiff's counsel some time *prior to* the dispositive motions deadline if it were

concerned about filing the motion to exclude contemporaneous with its motion for summary judgment. Further, it is not up to Walmart to determine the probability of futility when deciding whether to follow the local rules of this district; simply following the meet-and-confer process would have determined whether informal compromise would have actually been futile.

In sum, I deny the motion to exclude for its failure to comply with Local Rule 16-3(a). *See, e.g., Snow Covered Cap., LLC v. Weidner*, 2022 WL 2819733, at *4 (D. Nev. July 15, 2022) (denying a motion to exclude expert testimony for the same reason). To meet and confer means "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). This requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." *Id.* Perhaps if the parties discuss the points raised in the motion to exclude and its opposition, they could resolve or narrow the issues brought to this court's attention. Because I do not reach the merits of Walmart's motion to exclude, I deny the motion without prejudice so that Walmart may attempt to fulfill the meet-and-confer requirement, and if it chooses, to refile its motion.

IT IS HEREBY ORDERED that defendant's motion to exclude **[ECF No. 37] is DENIED without prejudice.**

IT IS FURTHER ORDERED that defendant must meet and confer with plaintiff's counsel within 45 days of this order. If the parties are unable to reach an agreement regarding the motion to exclude, defendant may refile its motion within 60 days of this order.

IT IS FURTHER ORDERED that the parties file a status report regarding the status of any potential settlement negotiations in this action, to include the last date of any settlement conference or arbitration, within 30 days of this order.

DATED: March 24, 2023

_____
Cristina D. Silva
United States District Judge